IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DERRICK DARBY | * | |
| Petitioner | * | |
| v | * | Civil Action No. JFM-14-2207 |
| STATE OF MARYLAND, et al. | * | |
| Respondent | * | |
| | *** | |

### MEMORANDUM

Respondents assert in answer to the above-captioned petition for writ of habeas corpus filed pursuant to 28 U.S.C. §2254 that the petition is untimely filed and subject to dismissal. ECF 9.  Petitioner has filed a reply.  ECF 8[1] and 11.  The court finds no need for an evidentiary hearing to resolve the matter.  *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014);  *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

Petitioner Derrick Darby ("Darby") was convicted of first degree murder and related offenses on March 10, 1993, following a jury trial in the Circuit Court for Prince George's County, Maryland.  On April 20, 1993, Darby was sentenced to serve life without the possibility of parole and 20 years consecutive.  Darby appealed his conviction to the Court of Special Appeals of Maryland and conviction was affirmed on April 13, 1994.  The Court of Appeals denied certiorari review on September 28, 1994.  No further appellate review was sought following the Court of Appeals decision. ECF 9 at Ex. 1, *see also Darby v. State*, 336 Md 276 (1994) (denying certiorari).

---

[1] Petitioner filed a "motion to supplement request for equitable tolling." ECF 8. The motion shall be granted and the pleading considered in the analysis regarding petitioner's entitlement to equitable tolling.

On April 23, 1997, Darby filed a petition for post-conviction relief in the Circuit Court for Prince George's County.  Following hearings held on May 20, 1998 and December 22, 1999, the Circuit Court denied post-conviction relief in a decision dated January 14, 2000.  Darby did not file an application for leave to appeal the decision denying post-conviction relief.  Thus, the decision denying relief became final for federal habeas filing deadline purposes on February 13, 2000, the date Darby's time for seeking appellate review expired.[2]  ECF 9 at Ex. 1.

On April 24, 1996 President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 into law.  Among the changes made by this law was the addition of a one year statute of limitations in non-capital cases for persons convicted in a state court.  Although the statute is silent as to how it should be applied to persons whose convictions were finalized before April 24, 1996, it was later clarified that such persons had one year from the effective date, *i.e.*, until April 24, 1997, to file a petition for writ of habeas corpus in federal court.  This one year period is, however, tolled while properly filed post-conviction proceedings are pending. 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Hernandez*, 225 F. 3d at 439 (4th Cir. 2000).

> The statute further specifies that the one year limitation begins to run
>
>> from the latest of-- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]  *See* Md. Rule 8-204(b).

28 U.S.C.§ 2244(d)(1).

Darby's petition for post-conviction relief was filed one day before the expiration of the filing deadline for federal habeas relief and operated to toll the filing deadline until post-conviction review was complete. Once completed, the statute began to run again and Darby had one day to file a federal habeas petition. Post-conviction proceedings in Darby's case were final on February 13, 2000, and the federal habeas filing deadline expired the following day, February 14, 2000. The instant petition was filed on July 7, 2014, and supplemented on August 23, 2014.[3] ECF 1 and 5.

In apparent recognition that his petition for writ of habeas corpus is untimely, Darby seeks the benefit of equitable tolling of the filing deadline. ECF 5, 8 and 11. "[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" *Hill v. Braxton*, 277 F. 3d 701, 704 (4th Cir. 2002) citing *Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Petitioner in the instant case must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330.

Darby states in his petition that appellate counsel from the Maryland Office of the Public Defender failed to inform him that there was a filing deadline applicable to a federal habeas petition. ECF 5 at pp. 6 – 7. He further states that in a letter dated October 27, 1994, a copy of which he attaches, counsel informed him of his right to file for federal habeas relief, but never warned of a filing deadline. *Id*. at pp. 7 – 8. He alleges that failure by counsel "grossly misled"

---

[3] Darby initially filed correspondence inquiring about the procedures to follow to obtain habeas review. ECF 1. The supplemental petition, which is the first pleading filed in this case where substantive claims are raised, is dated August 23, 2014, and is deemed filed on that date. ECF 5.

him into believing he could file a federal habeas petition "at any time." *Id*. at p. 7.  Darby states this failure entitles him to an equitable tolling of the filing deadline. *Id*.

At the time counsel contacted Darby in 1994, there was no filing deadline for federal habeas relief.  Thus, counsel's letter was not misleading or incorrect.  Even if it was erroneous, attorney error with regard to the filing deadline applicable to a particular case is not a basis for equitably tolling the statute of limitation." *See Taliani v. Chrans*, 189 F. 3d 597, 598 (7th Cir. 1999)(lawyer's miscalculation of limitations period is not a basis for equitable tolling); *Sandvik v. United States*, 177 F. 3d 1269, 1272 (11th Cir. 1999) (lawyer's decision to mail petition by ordinary mail instead of expedited delivery not basis for equitable tolling).  "[A] mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." *Harris*, 209 F. 3d at 331.

In his motion to supplement request for equitable tolling, Darby states he attempted to discharge appellate counsel and focused his research on state appellate matters, not federal relief. ECF 8 at p. 2.  Darby again alleges that counsel did not mention the federal filing deadline in her 1994 correspondence to him. *Id*. at pp. 3 - 4.  He further asserts that post-conviction counsel was ineffective and did not advise him on when or how to file for federal habeas relief following post-conviction proceedings. *Id*. at p. 4.  He states that during the time post-conviction proceedings were pending he was incarcerated in the Maryland Correctional Adjustment Center (MCAC), a supermax facility without a law library, until January of 1997. *Id*.  He was then transferred to the Maryland House of Correction-Annex (MHC-X) which utilized the Library Assistance to State Institutions (LASI) system, where he remained until 2002.  Darby was then transferred back to MCAC in 2002, where he remained until July of 2004. *Id*. at pp. 4 – 5.  After

being transferred again to MHC-X, Darby was transferred to North Branch Correctional Institution (NBCI). Throughout his incarceration in the various facilities, Darby maintains his access to legal materials was limited. *Id*. at p. 5. He admits, however, he became aware of the one-year filing deadline when reading a letter dated August 26, 2013, for his cellmate who could not read well, which provided instructions regarding satisfaction of the federal habeas filing deadline. *Id*.

In his response to this court's order providing Darby with the opportunity to file a reply to respondents' argument that the petition is time-barred, he argues that his case should be considered a "capital case" because the State sought the death penalty during his trial. ECF 11. Darby argues that if his case is a capital case, the one-year filing limitation should not apply to his petition. *Id*.

In considering Darby's claim of entitlement to equitable tolling this court must be mindful that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris*, 209 F. 3d at 330. Just as in *Harris*, there is no assertion that the State contributed to Darby's inability to timely file his habeas petition. His assertion regarding the alleged ineptitude of his attorneys do not constitute an "extraordinary circumstance beyond his control that prevented him from complying with the statutory time limit." *Id*. Likewise, his assertions regarding the difficulties in accessing legal research at the correctional facilities where he was held are not extraordinary circumstances where, as here, those assertions are unaccompanied by any evidence that Darby made diligent efforts over the fourteen year period of time between the finalization of his post-conviction petition and the filing of this petition to obtain other assistance. *See e.g. Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549,

2555 (2010) (petitioner's numerous letters of inquiry to attorney coupled with attorney's failure to keep petitioner informed, sufficient for equitable tolling). With respect to Darby's argument that because the State sought the death penalty in his case, the statute of limitation should not apply in his case, he is incorrect. The limitation period set forth in 28 U.S.C. §2244(d) is not limited to non-capital cases or cases where the death penalty is not sought. *See Rouse v. Lee*, 339 F. 3d 238, 240 (4th Cir. 2003) (holding that petitioner sentenced to death was not entitled to equitable tolling based on attorney error).

Having failed to state adequate grounds for an equitable tolling of the statute of limitations, Darby's petition must be dismissed as untimely. When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). Darby has failed to demonstrate that a certificate of appealability is warranted here.

A separate order dismissing the petition for writ of habeas corpus as untimely and denying a certificate of appealability follows.

| | |
|---|---|
| May 14, 2015 | _____/s/_____ |
| Date | J. Frederick Motz |
| | United States District Judge |